**SIGNED.**

Dated: November 18, 2008



_____
**JAMES M. MARLAR
U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| CARDSYSTEMS SOLUTIONS, INC., | No. 4:06-bk-00515-JMM |
| Debtor. | Adversary No. 4:07-ap-00046-JMM |
| MERRICK BANK CORPORATION, | **MEMORANDUM DECISION** |
| Plaintiff, | **RE: TRUSTEE'S MOTIONS FOR** |
| vs. | **PARTIAL SUMMARY JUDGMENT** |
| CARDSYSTEMS SOLUTIONS, INC., | **(Two Of Three--Dkts. #73 and #75)** |
| Defendant. | |
| BETH LANG, AS CHAPTER 7 TRUSTEE FOR CARDSYSTEMS SOLUTIONS, INC., a Delaware corporation, | |
| Counterclaimant, | |
| vs. | |
| MERRICK BANK CORPORATION, | |
| Counterdefendant. | |

The Trustee has filed two (2) motions, each seeking partial summary judgment as to discrete legal issues (Dkts. #73 and #75). Each will be discussed in turn.[1]

---

[1] The Trustee's third motion for partial summary judgment (preference) (Dkt. #77) will be decided at a later time.

**A.    The $446,246.29 Deposit (Count III of Complaint)**

The Trustee seeks an adjudication in her favor (Dkt. #73) on this issue, claiming (1) that because the bankruptcy filing interrupted a court proceeding, it is therefore impossible for Merrick Bank Corporation ("Merrick") to complete the process, and the Trustee must, therefore, win; and (2) that the disputed escrow agreement is an "executory contract" under bankruptcy law, and was rejected as a matter of law.

On both theories, the Trustee cannot prevail. As to the argument that the Maryland federal court action was stayed, and then procedurally dismissed, does not translate to its having been adjudicated on the merits. It was dismissed because the automatic stay of 11 U.S.C. § 362(a) simply caused the action to stall, and then the district court dismissed it either to clear its docket procedurally, or in favor of future bankruptcy proceedings on Merrick's claim.

To argue that CardSystems Solutions, Inc.'s ("CardSystems") voluntary bankruptcy filing gives the Trustee a win on the merits is to promote form over substance. The issues raised in the Maryland action have never been adjudicated, and still need to be. That is the purpose of this case. Or, should the Trustee prefer (and if this court agrees), this court can abstain, and instruct the parties to return to Maryland and complete the litigation. But, by any route, nothing accomplished thus far results in an automatic win for the Trustee. To call what has happened procedurally, due to a collaterally filed bankruptcy case, a "win" for the Trustee would be a perversion of justice.

Similarly, the Trustee's argument that the relevant documents are "executory" is without merit. The documents, under the "Countryman definition," are not executory, and therefore may not be rejected. They are fully executed, leaving only the issue of whether they were breached, and who owes who money, to be determined. Again, that is what this case will determine.

Therefore, the Trustee's motion for partial summary judgment on this deposit issue will be DENIED.

**B.     The $5.1 Million Deposit (JP Morgan Accounts)**

The Trustee's arguments, as to this partial summary judgment motion (Dkt. #75), are the same as noted above.

For the reasons set forth above, the Trustee's arguments on this motion must also fail.

The escrowed funds are in the hands of an independent stakeholder. The Debtor's (and the Trustee's) rights to said monies are dependent upon whether the Trustee can prove a better right to the funds than can Merrick. Until then, such monies are only potentially property of the estate. That is the purpose of this litigation. The arguments advanced by the Trustee, in her motion, as to the ownership of the fund requires more in-depth exploration and is not, at this time, on this record and in this motion, capable of resolution.

In addition, the Trustee has no legal authority for her proposition that a party's voluntary filing for bankruptcy relief, thereby preventing dispositive litigation from proceeding, acts to substantively bar Merrick from proceeding on its claims in the new forum (bankruptcy court) selected by the Debtor.

The real issue in this phase of the case is, what is the Debtor's legal or equitable interest in the escrowed accounts, what are Merrick's legal or equitable interests in the same funds, and what is the Trustee's interest in the same monies or property (are they derivative of the Debtor's rights, or does the Trustee assert some other or strong-arm power?). Until these points are explored in more depth, the issue raised by the Trustee as to the $5.1 million deposit, is not appropriate for summary judgment.

The Trustee's motion for partial summary judgment on the JP Morgan account assets will, therefore, be DENIED.

A separate judgment will be entered at the conclusion of the entire case. For now, these decisions are interlocutory and therefore not yet ripe for appeal.

DATED AND SIGNED ABOVE.

COPIES served in the manner indicated below
on the date signed above:

Ryan W. Anderson, Steven Napoles and
   Stephen Womack
Guttilla Murphy Anderson, PC
4150 West Northern Ave.
Phoenix, AZ 85051

Email: randerson@gamlaw.com
Email: snapoles@gamlaw.com
Email: swomack@gamlaw.com

Susan G. Boswell
Quarles & Brady LLP
One South Church Avenue, Suite 1700
Tucson, AZ 85701-1621

Email: sboswell@quarles.com

Daniel G. Gurfein and Mario Aieta
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
New York, NY 10169

Email: dgurfein@ssbb.com
Email: maieta@ssbb.com

Trudy A. Nowak
Anderson & Nowak, PLC
2211 E. Highland Avenue, Suite 211
Phoenix, AZ 85016

Email: tan@anlawfirm.com

Michael W. McGrath
Mesch Clark & Rothschild
259 North Meyer Avenue
Tucson, AZ 85701-1090

Email: ecfbk@mcrazlaw.com

Beth E. Lang, Trustee
1955 W. Grant Rd., Suite 125
Tucson, AZ 85745

Email: bethelang@earthlink.net

Richard J. Cuellar
Office of the U.S. Trustee
230 N. First Ave., #204
Phoenix, AZ 85003-1706

Email: ric.j.cuellar@usdoj.gov

By /s/ M.B. Thompson
    Judicial Assistant